Entered: May 1st, 2024
Signed: April 30th, 2024
**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| IN RE: **WALDON ENTERPRISES, LLC,** | * | Case No.: 23-15289-DER |
| | * | |
| Debtor. | * | Chapter 11 (Subchapter V) |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER CONFIRMING DEBTOR'S CONSENSUAL
### THIRD AMENDED CHAPTER 11 SUBCHAPTER V PLAN

Waldon Enterprises, LLC, the debtor and debtor in possession herein (the "Debtor"), filed its Third Amended Chapter 11 Subchapter V Plan dated April 24, 2024 (the "Plan") [ECF Docket No.: 92], and has sought confirmation of the Plan.

**NOW, THEREFORE**, based upon (i) the evidence proffered or adduced at, and arguments of counsel made at, the confirmation hearing, and (ii) the entire record herein; and after due deliberation thereon; and good cause appearing therefore:

### IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:

1. **Jurisdiction and Venue (28 U.S.C. §§ 157, 1334 and 1408).** This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan

      complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. **Transmittal and Mailing of Materials; Notice.** The Plan, a Ballot and Confirmation Hearing Notice were transmitted and served in compliance with Bankruptcy Rules and such transmittal and service were adequate and sufficient.

3. **Plan Compliance with 11 U.S.C. § 1123(a).** As specifically set forth below, the Plan complies with applicable provisions of the Bankruptcy Code, including Section 1123(a), thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

a. <u>Proper Classification (11 U.S.C. §§ 1122 and 1123 (a)(1)).</u> The Plan designates Claims for the Debtor. The Claims placed in each class are substantially similar to other Claims in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of Claims created under the Plan. The Plan therefore satisfies Sections 1122 and 1123 (a)(1) of the Bankruptcy Code.

b. <u>Specify Impaired Classes (11 U.S.C. § 1123(a)(3)).</u> The Plan designates Classes 1a, 3, 4 and 5 as impaired and specifies treatment of their Claim in those classes, thereby satisfying Section 1123 (a)(3) of the Bankruptcy Code.

c. <u>No Discrimination (11 U.S.C. § 1123(a)(4)).</u> The Plan provides for the same treatment by the Debtor for each Claim in each respective class, thereby satisfying Section 1123 (a)(4) of the Bankruptcy Code.

d. <u>Implementation of Plan (11 U.S.C. § 1123 (a)(5)).</u> The Plan provides adequate and proper means for its implementation and therefore satisfies Section 1123 (a)(5) of the Bankruptcy Code.

4. **Compliance with Applicable Provision of the Code (11 U.S.C. § 1129).**

a. The Plan complies with the applicable provisions of the Bankruptcy Code thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

b. <u>Proponent's Compliance with Bankruptcy Code (11 U.S.C. § 1129 (a)(2):</u>

The Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

c. <u>Proponent's Good Faith (11 U.S.C. § 1129(a)(3)).</u> The Proponent has proposed the Plan in good faith and not by any means forbidden by law.

5. **Payments for Services or Expenses (11 U.S.C. § 1129(a)(4)).** Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this case, or in connection with the Plan prior to the Effective Date and incident to this

case, has been approved by, or is subject to the approval of the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

6. **Best Interest of Creditors Test (11 U.S.C. § 1129 (a)(7)).** The Plan satisfies Section 1129 (a)(7) of the Bankruptcy Code in that each holder of a Claim in an impaired class will receive under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

7. **Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)).**

    The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

8. **Feasibility (11 U.S.C. § 1129 (a)(11)).** The Plan provides for the reorganization of the Debtor will be funded by the Debtor's revenues. Therefore, the Plan satisfies Section 1129 (a)(11) of the Bankruptcy Code.

9. **Compliance with Applicable Subchapter V Provision of the Code U.S.C. § 1191(b)).** The Plan provides that all of the Debtor's projected disposable income for five years will be paid to the creditors.

    a. The Debtor will be able to make all payments under the Plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Confirmation**. The Plan is approved and is confirmed under Section 1191(a) of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Order.

2. **Binding Effect**. Pursuant to Section 1141 of the Bankruptcy Code, the provisions of the Plan (including the exhibits to, and all documents and agreements as may be necessary, required, or appropriate to carry out the provisions of the Plan) shall be binding on (i) the Debtor, (ii) all holders of Claims against the Debtor, and (iii) each of their respective heirs, successors, assigns, trustees, executors and administrators.

3. **Distributions**. All rights of the holders of Claims of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims, shall hereinafter be limited solely to the right to receive such distributions, and retain such liens and other rights, only as exclusively provided in this Order and the Plan, including Class 3 and Class 4's retention of their liens on the Debtor's property to secure the payment of their secured claims in the amounts specified in the Plan.

4. **Termination of Automatic Stay**. Except as otherwise provided in any other order of this Court, all injunctions or stays provided for under Sections 105 or 362 of the Bankruptcy Code or otherwise and extant on the Confirmation Date, shall remain in full force and effect until the Debtor receives a discharge.

5. **Payment of Fees.** All parties claiming administrative expense priority claims pursuant to § 507(a)(2) of the Bankruptcy Code but not already treated as such under the Plan shall file an application to approve their respective asserted administrative expense priority no later than thirty (30) days after the Effective Date. Subject to Court approval, the Debtor's professionals and Monique Almy, the Subchapter V Trustee shall be paid for their services to the Debtor's estate as administrative expense priority claims under § 507 of the Bankruptcy Code and pursuant to the Plan.

6. **Vesting of Property.** All estate property is vested in the Debtor on the Effective Date of the Plan, free and clear of all claims and interests except as set forth in the Plan.

7. **Discharge.** Upon entry of this Order, the Debtor shall be discharged from all debts that arose prior to the Petition Date.

8. **Subchapter V Trustee:** Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States Trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(c) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties-in-interest notice of such substantial consummation.

9. **Confirmation Order Controlling.** In the event of any direct conflict between the Plan and this Order, the terms of this Order shall control. The failure to specifically include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety, except as modified or otherwise provided for herein.

10. **Modifications.** So long as such amendments or modifications do not materially affect the interest of creditors, the Debtor may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any

inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

11. **Enforceability.** This Order shall be effective and enforceable immediately upon entry. The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument or action authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

12. **Retention of Jurisdiction.** This Court shall retain jurisdiction over all matters arising out of and related to this case, the Plan, and this Order in accordance with Sections 105(a) and 1142 of the Bankruptcy Code and the applicable provisions set forth in the Plan and this Order.

Copies to:
All Counsel of record
All parties-in-interest

**END OF ORDER**